**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

SAFT AMERICA, INC.,

       Plaintiff,

                                            Case No. 3:15-cv-1323-J-34MCR

vs.

DIGATRON POWER ELECTRONICS, INC.,

       Defendant.
_____/

## O R D E R

**THIS CAUSE** is before the Court sua sponte. Federal courts are courts of limited jurisdiction and therefore have an obligation to inquire into their subject matter jurisdiction "at the earliest possible point in the proceeding." Kirkland v. Midland Mortgage Co., 243 F.3d 1277, 1279–80 (11th Cir. 2001). This obligation exists regardless of whether the parties have challenged the existence of subject matter jurisdiction. See Univ. of S. Ala. v. Am. Tobacco Co., 168 F.3d 405, 410 (11th Cir. 1999) ("[I]t is well settled that a federal court is obligated to inquire into subject matter jurisdiction sua sponte whenever it may be lacking."). "In a given case, a federal district court must have at least one of three types of subject matter jurisdiction: (1) jurisdiction under a specific statutory grant; (2) federal question jurisdiction pursuant to 28 U.S.C. § 1331; or (3) diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)." Balton v. Alaron Trading, Corp., 128 F.3d 1466, 1469 (11th Cir. 1997). Upon review of Defendant's Notice of Removal (Doc. 1; Notice) and the Complaint from the state court proceedings, which Defendant attached to the Notice, it appears that the Court does not have subject matter jurisdiction over this matter.

Plaintiff filed its complaint in the Circuit Court of the Fourth Judicial Circuit in and for Duval County, Florida, on September 28, 2015. (See Doc. 1-A at 1; Complaint). In the Complaint, Plaintiff raises four claims: "Breach of Contract" (Count I); "Breach of Warranty" (Count II); "Negligence" (Count III); and "Strict Products Liability" (Count IV). See generally id. Defendant filed its Notice on November 4, 2015. See generally Notice. In the Notice, Defendant alleges that removal is proper pursuant to 28 U.S.C. §§ 1332 and 1441 because "there is complete diversity of citizenship between the interested parties to this cause." Id. ¶¶ 2, 4, 12.

In both the Complaint and Notice, the parties allege that Plaintiff is a corporation organized under the laws of Delaware, with its principal place of business in Jacksonville, Florida. Complaint ¶ 3, Notice ¶ 5. Also, in both the Complaint and Notice, the parties allege that Defendant, too, is a corporation organized under the laws of Delaware, but with its principal place of business in Shelton, Connecticut. Complaint ¶ 6, Notice ¶ 7. Defendant seems to argue that although the parties are both Delaware corporations, complete diversity nevertheless exists because Defendant "is not organized under the laws of the State of Florida nor does it maintain a principal place of business in Florida." Notice ¶ 6. This argument misconstrues 28 U.S.C. 1332(c), which plainly states that "a corporation shall be deemed a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C 1332(c)(1) (emphasis added). Indeed, "the statute furnishes a dual base for citizenship: place of incorporation, and principal place of business." Fritz v. Am. Home Shield Corp., 751 F.2d 1152, 1153 (11th Cir. 1985) (emphasis added).

By Defendant's own allegation, both corporations are incorporated under the laws of Delaware and as such are citizens of Delaware. Moreover, Defendant does not argue, and it does not appear to the Court, that the claims asserted by Plaintiff in its Complaint present a federal question or arise under a specific statutory grant. See generally Notice, Complaint. Thus, Defendant identifies no basis for removal and it appears that this case is due to be remanded for lack of subject matter jurisdiction. Accordingly, it is hereby

**ORDERED:**

Defendant shall **SHOW CAUSE** by written response, filed no later than **NOVEMBER 20, 2015**, why the Court should not remand this case to the Circuit Court of the Fourth Judicial Circuit in and for Duval County, Florida, for lack of subject matter jurisdiction. Defendant is cautioned that failure to respond to this Order to Show Cause may result in remand of this case without further notice.

**DONE AND ORDERED** in Jacksonville, Florida, this 6th day of November, 2015.

MARCIA MORALES HOWARD
United States District Judge

lc20

Copies to:

Counsel of Record